UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MICHAEL MCINTYRE,

    Petitioner,

v.

    CASE No. 1:17-CV-764

    HON. ROBERT J. JONKER

SHERRY L. BURT,

    Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation (ECF No. 31) and Petitioner's Objection to the Report and Recommendation (ECF No. 42) in this matter. Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Petitioner's objections.  After its review, the Court finds the Magistrate Judge correctly concluded that Petitioner is not entitled to habeas corpus relief.

The Magistrate Judge recommends denial of Petitioner's habeas petition.  The Magistrate Judge further recommends the Court deny Petitioner a Certificate of Appealability on all grounds except Ground III of the petition.  In his objections, Petitioner primarily reiterates and expands upon arguments presented in his original brief.[1]  Petitioner's objections are lengthy, but they fail to deal in a meaningful way with the Magistrate Judge's analysis, the detailed determinations of the Michigan Court of Appeals, and the impact of the deferential AEDPA standard.  Indeed, Plaintiff mainly relies on his arguments raised in his reply brief, without addressing the reasoning and analysis the Magistrate Judge undertook.  The Magistrate Judge carefully and thoroughly considered the evidentiary record, the parties' contentions, and the governing law.  The Magistrate Judge properly analyzed Petitioner's claims.  Nothing in Petitioner's Objections changes the fundamental analysis.

Some of Petitioner's objections are cursory at best and are insufficient to warrant de novo review.  He maintains, for example, that his trial counsel was ineffective for failing to object to Agent Kelm's testimony (his second ground for relief).  But the entirety of this objection consists of three sentences and simply asserts, without providing any argument, that the Magistrate Judge erred. Even under a de novo review, the Court discerns no flaw in the Magistrate Judge's analysis that Petitioner's claim failed under "doubly" deferential standard when applying *Strickland* in the habeas setting.

---

[1] Separately Petitioner has filed a motion seeking a Certificate of Appealability on all grounds asserted in his petition.  (ECF No. 43).  The Court considers Petitioner's motion as amplifying his objections to the Magistrate's Report and Recommendation.

In other objections, Petitioner simply disagrees with the Magistrate Judge, without addressing the analysis. Petitioner contends, for example, the Magistrate Judge erred with respect to Ground I because the state courts failed to determine whether his confession was voluntary, knowing, and intelligent under the totality of the circumstances. The Magistrate Judge accurately set out the clearly established federal law (ECF No. 31) and concluded that the state courts' application of that law was not unreasonable. The Court agrees. Indeed, as the Magistrate Judge observed, the State Court considered several attendant circumstances when it concluded Defendant was entitled to relief. The Court discerns no flaw in the Magistrate Judge's analysis.

Petitioner further complains that the Magistrate Judge failed to consider clearly established case law as it relates to his prosecutorial misconduct claims in Grounds III and IV, and his ineffective assistance claims in Grounds VI and VII. But the record reflects that the Magistrate Judge expressly cited the law Petitioner highlights in his objections. (*See* ECF No. 31, PageID.1834). The Magistrate Judge found that Petitioner failed to establish the State Court's rejection of this claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." (ECF No. 31, PageID.1835). The Magistrate Judge grounded his analysis in the context of the complained of remarks. Finding that reasonable minds could disagree about this conclusion, the Magistrate Judge recommends granting a Certificate of Appealability on Ground III. The Court certainly does not condone the prosecutor's tactic of using child pornographers and sexual deviants as a comparison to Plaintiff, but the Court is satisfied, on de novo review, the Magistrate Judge correctly found Petitioner is not entitled to relief under the deferential AEDPA standard.

Finally, the Magistrate Judge also carefully considered the claim in Ground V that Petitioner's sentence violates the Sixth Amendment right because it was based on facts found by the Judge and not decided by the jury or admitted by Petitioner. The Magistrate Judge considered the very cases and arguments that Petitioner highlights in his objections and found they did not entitle him to any relief. The Court discerns no flaw in this conclusion.

For all these reasons, the Court concludes that Petitioner is not entitled to federal habeas relief, for the very reasons detailed in the Report and Recommendation of the Magistrate Judge.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, the Magistrate Judge concluded that Petitioner has not made a substantial showing of the denial of

4

a constitutional right on all of his grounds for relief except Ground III.   After de novo review, including a review of Petitioner's subsequent motion, the Court determines the Magistrate Judge properly concluded that Petitioner is not entitled to a Certificate of Appealability on Grounds I, II, IV, V, VI, and VII of his habeas petition.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 31) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED**; and

2. Petitioner's Motion for a Certificate of Appealability (ECF No. 43) is **DENIED** to the extent Petitioner seeks a certificate of appealability on Grounds I, II, IV, V, VI, and VII of the habeas petition.

3. Petitioner is **GRANTED** a certificate of appealability as to Ground III of the habeas petition.


Dated:      May 20, 2021            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE